### Missouri, Kansas & Texas Railway Company v. T. K. Miller.

#### No. 443.

1. **Railway—Stoppage of Train at Station—Notice to Conductor.**—A person has the right to go upon a train to secure a seat for a relative or friend, but unless he gives notice to the conductor of his purpose to then get off, and the train stops the usual length of time before starting, and after it has started he attempts to alight and is injured, the railway company is not liable.

2. **Same—Ordinary Care—Light at Depot.**—While it is the duty of a railway company to furnish sufficient light at its depot to enable one not a passenger, but

properly on its train, to leave the same without incurring unnecessary danger, yet in such cases it is bound only to use ordinary care, and not the highest degree of care due to its passengers.

3. **Contributory Negligence—Charge of Court.**—For a charge of court that should have been given on the subject of contributory negligence in the case of a person alighting from a moving train, see the opinion.

4. **Evidence—Opinion.**—Plaintiff's testimony, that he did not consider it unsafe to get off the train at the time and place he alighted, is inadmissible, as being matter of opinion.

APPEAL from Hill. Tried before Hon. J. M. HALL.

*Stedman & Thompson*, for appellant.—1. Plaintiff was not a passenger, but merely a licensee, when he went on the train to assist his wife in obtaining a seat. Being a mere licensee, he assumed the risk of the train's starting before he could get off, not having notified the conductor of his purpose in going on the train. The defendant is not liable for his injuries, inasmuch as he failed to establish that he notified the conductor of his purpose in going on the train. There being positive evidence that plaintiff did not give the conductor notice of his object in going on the train, the court should have submitted the issue to the jury. Coleman v. Railway, 10 S. E. Rep., 498; Lucas v. Railway, 6 Gray (Mass.), 67; Griswold v. Railway, 64 Wis., 656; Railway v. Letcher, 69 Ala., 106; Vanderbeck v. Hendry, 34 N. J. Law, 472; Sutton v. Railway, 66 N. Y., 243; Barry v. Railway, 92 N. Y., 289.

2. The degree of care a person should use to protect himself from injury should be proportioned to his inability to avoid its infliction. Sims v. Railway, 30 Am. and Eng. Ry. Cases, 571; Railway v. Hodges, 24 S. W. Rep., 563; Railway v. Britcher, 83 Texas, 309.

3. According to the most favorable view, plaintiff was a mere licensee, and if defendant, under the facts of the case, owed him any duty, it was simply that of ordinary care. 2 Shearm. & Redf. on Neg., sec. 410; Railway v. Wells, 81 Texas, 685; Railway v. Butcher, 83 Texas, 309; Railway v. Huffman, 83 Texas, 286.

4. It was error to allow plaintiff to give his opinion as to a vital defense in the case, namely, whether he was negligent in alighting from the train, the decision of that question being a matter exclusively for the determination of the jury. Railway v. Reason, 61 Texas, 613.

*McKinnon & Carlton*, for appellee.—1. Appellee having gone upon appellant's train for a lawful and authorized purpose, the company owed to him the same duties as to a passenger, and it was not incumbent on him to show that he had notified the conductor of the train that he intended to get off the train before a recovery could be had by him on account of negligence of the company. Having the right to go upon the train, appellee had the right to a reasonably sufficient time to get off the train, and he had the right to assume that the train would remain at the station a reasonable time. Hamilton v. Railway,

64 Texas, 251; Railway v. Best, 66 Texas, 116; 2 Beach's Law of Rys., secs. 858, 866; Pierce on Rys., 276; 2 Wood's Ry. Law, 1128, 1144; Campbell v. Harris, 23 S. W. Rep., 35.

2. The court's general charge having made a recovery dependent upon negligence on the part of appellant, and that the negligence proved was the proximate cause of the injury, and having further instructed the jury that unless they believed appellant was negligent they should find for it, and then having charged, in effect, that although appellant was negligent they would yet find for it if they believed appellee to have been guilty of contributory negligence, it was not necessary to have given the special charges asked; · nor was the charge given relative to contributory negligence erroneous. Railway v. Smith, 59 Texas, 406; Railway v. Murphy, 46 Texas, 357; Railway v. Leslie, 57 Texas, 83; Railway v. Buford, 21 S. W. Rep., 272; Railway v. Vinson, 23 S. W. Rep., 956.

3. Under the existing relationship, it was among the duties appellant owed to appellee to have its platform and depot in such condition that appellee could safely go upon and leave its train. Stewart v. Railway, 53 Texas, 289.

4. It was competent for the plaintiff to testify that when he got off the train he did not consider it unsafe. Railway v. Locker, 78 Texas, 279; Railway v. Klaus, 64 Texas, 293; Tompkins v. Toland, 46 Texas, 585; Power v. The State, 23 Texas Civ. App., 64; 1 Whart. on Ev., secs. 509–512; Railway v. McMonigal, 25 S. W. Rep., 341.

FINLEY, Associate Justice.—Appellant's first assignment of error is based upon the action of the court in refusing the following special charge: "You are instructed, that though the plaintiff had the right to go on the train in question to assist his wife in procuring a seat, yet you are instructed, that when he did so he was required to take notice of the time that the train would leave, unless he gave notice to the conductor in charge of the train of his purpose and desire to get off the train after having procured a seat for his wife. Hence, if you believe from the evidence that the plaintiff entered the train in question, and that when he did so he failed to give the conductor in charge of the train notice of his purpose and desire to get off the train after seeing his wife seated, and that the train stopped at Itasca the usual length of time before starting, and that after the lapse of such time, and after the train started, plaintiff attempted to alight from the train in question, and as a consequence was injured, you will find for the defendant."

Whether appellee upon going into the cars gave notice of his intention to get off again, was an issue of fact raised by the pleadings and evidence. Persons who go upon the premises of a railway company "to welcome the coming or speed the parting guest," are not trespassers, and the railway company may not injure them through negligence without incurring liability therefor. To such persons it owes the duty of providing reasonably safe platforms and approaches to its

trains.    Hamilton v. Railway, 64 Texas, 251; Railway v. Best, 66 Texas, 116.

The relations sustained between the railway company and appellee do not arise out of contract, and the obligations are not such as are imposed by contract.    Appellee did not go into the train as a passenger, and hence the duties imposed by law upon carriers to passengers did not rest upon the company and govern its conduct towards him. He went upon the train under an implied permission, or license, and the company owed him the duty of ordinary care.    Lucas v. Railway, 6 Gray, 64.    The company was under obligation to passengers to stop the train a sufficient length of time for those desiring to get off, and those desiring to take passage, to do so with safety.    It was the duty of appellee to take notice of the usual length of time given for this purpose, and if it was not sufficient, and it was necessary for him to go into the train, in order to place upon the company the duty of holding the train specially for him to disembark, he must have given notice of his intention.    Coleman v. Railway (Ga.), 10 S. E. Rep., 498.

The special charge presented the law as favorably as appellee had the right to demand, and should have been given to the jury.    Railway v. Anderson, 82 Texas, 516; Griswold v. Railway, 64 Wis., 656; Railway v. Letcher, 69 Ala., 106; Vanderbeck v. Hendry, 34 N. J. Law, 472; Sutton v. Railway, 66 N. Y., 243; Barry v. Railway, 92 N. Y., 289.

The court charged the jury, that "it was also the duty of defendant's employes in charge of its depot at said place to see that there was sufficient light furnished at that time to enable those leaving said train to do so without incurring any unnecessary danger which might arise from the want of such light."    The following special charge, asked by appellant, was refused:    "You are instructed, that in order for the plaintiff to derive any benefit from the fact, if the evidence shows it to be a fact, that the railroad platform was not lighted at the place in question, it is necessary that you should first find under other instructions given you that the company negligently violated some duty it owed him in reference to starting the train."    The charge given, and the refusal of that requested, are assigned as error.

Article 4238, Sayles' Statutes (Addendum), among other things, provides:    "And each and every railroad company shall keep its depots or passenger houses, in this State, lighted and warmed, and open to the ingress and egress of all passengers, a reasonable time before the arrival and after the departure of all trains carrying passengers on such railroad, or both of such railroads, if at a crossing."

It was not alleged, and there was no evidence tending to show, that the depot, or passenger house, was not provided with lights.    The allegation is, "the agents and employes of defendant whose duty it was so to do, had negligently failed to light up the *front of the depot and the platform*, and between the cars and the platform it was quite dark." Appellee jumped from the train at the end of the platform, and not

at the place provided for passengers to get on and off the train.  The statute does not prescribe the extent to which the depot, or passenger house, shall be lighted.   It may be conceded that it is proper to charge the jury, as a matter of law, that it is the duty of a railway company to passengers to provide sufficient lights at its depots to avoid the dangers reasonably incident to alighting from and embarking upon trains in the darkness.   The duty arises from the contract relation between the carrier and passenger, independent of any statutory requirement.   Stewart v. Railway, 53 Texas, 297.   As already announced, the railway companies owe to persons visiting their depots for the purpose of welcoming the coming or bidding adieu to parting friends, the duty of providing reasonably safe approaches to its trains; and this would embrace reasonably sufficient lights for the purpose.   What would be a reasonably sufficient lighting for this purpose might not fill the full measure of caution due to passengers.   In one instance, ordinary care is the measure of liability; while in the other, the highest degree of care is required.   Had appellant's servants known of appellee's situation, they would have owed him the affirmative duty of exercising ordinary care to prevent injury to him.   If they did not know of his situation, how could they anticipate the danger to which he would expose himself?   How could the carrier become under affirmative obligations to him in the absence of contract with him, and without knowledge, or reason to anticipate his action?   It was error to give the charge complained of, without the qualification contained in the special charge requested.   Richards v. Railway (Iowa), 45 Am. and Eng. Ry. Cases, 54; Railway v. Schwindling (Pa.), 8 Am. and Eng. Ry. Cases, 544, and notes; 1 Thomp. on Neg., pp. 453–458.

There are other assignments attacking the charge of the court in connection with the refusal of special instructions requested, which are not wholly without merit, but it is thought unnecessary to consider them in detail, in view of the expressions upon the assignments treated of.   It should, perhaps, be said, that the court's charge upon the subject of contributory negligence was not as clear in its expression as appellant had the right to demand; and the special instructions contained in paragraphs 1 and 2 of the special charge numbered 2, should have been given.   They are as follows:

"1.  You are instructed, that if you believe from the evidence that the plaintiff in attempting to alight from the train in question failed to exercise that degree of care which a man of ordinary prudence would have exercised under the circumstances, and he was injured as the direct and proximate result of his failure to exercise such care, you will find for the defendant.

"2.  You are further instructed, that if you believe from the evidence that defendant was negligent in failing to stop its train a sufficient length of time to enable plaintiff to alight from the train, or that it was negligent in failing to provide a light at the place where the injury was sustained, still if you believe from the evidence that

the plaintiff in attempting to alight from said train omitted to use the degree of care that a man of ordinary prudence would employ under the circumstances, and that his omission to use such care so proximately and directly contributed to the production of the injuries of which he complains, that but for such omission of care on his part he would not have been hurt, you will find for defendant, notwithstanding you may believe from the evidence that defendant was negligent in the particulars indicated."

Appellee was permitted to testify, over objection, that he did not consider it unsafe to get off the train at the time and place he alighted. Appellee's opinion upon this point was not competent evidence. What he thought of the dangers of the undertaking was not an issue; the question for determination was, would an ordinarily prudent person have jumped off as he did under like conditions?

For the errors pointed out, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 26, 1894.