INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. F. M. SATTERWHITE.

Delivered December 16, 1896..

1. **Railway Company—Injury to One Assisting Passenger on Board— Negligence in Starting Train.**

Where a person goes on a railway train to assist an infirm passenger in getting a seat, and is injured in getting off because of the train being started, the liability of the company will depend on whether it had notice of such person's intention to get off: if it had, it will be held to the exercise of ordinary care not to injure him, but if it had not such notice, actual or constructive, it owed no duty to such person.

**2.  Same—Evidence—Issue as to Ordinary Care.**

Where there is evidence tending to show that the employes in charge of the train had notice of such assisting person's intention to get off, it is a question for the jury whether the railway company used ordinary care in starting the train, and if not, whether the injury proximately resulted from failure to use such care.

**3.  Same—Evidence of Notice.**

Where it appears that the train moved at the signal of a brakeman, evidence that the brakeman ordered such assisting person to get off is admissible for the purpose of showing that those in control of the train knew of his intention to get off.

**4.  Same—Negligence for Jury.**

It is not, in this State, negligence per se for one to attempt to leave a moving train but in such cases the question of negligence vel non is one for the jury to determine in the light of all the attendant facts.

Appeal from Houston.  Tried below before Hon. J. R. Burnett.

*G. H. Gould*, for appellant.

*Nunn & Nunn*, for appellee.

NEILL, Associate Justice.—This action was brought by appellee against appellant to recover damages for personal injuries occasioned him by the alleged negligence of the latter.

The negligence averred is that he went aboard one of appellant's trains for the purpose of assisting his aged sister, who had procured passage thereon, in getting on the cars with her baggage, and that while on the train it was negligently set in motion before he could, with the exercise of reasonable diligence, get off of it—the train not having stopped the usual and reasonable time to enable passengers exercising reasonable care to alight with safety, and that in attempting to leave the train while in motion he fell to the ground and sustained the injuries.  The defendant plead a general denial and contributory negligence.

The trial, which was before a jury, resulted in a judgment against the railroad company from which it appeals.

The court in effect instructed the jury that if they believed from the evidence that defendant's employes in charge of the train negligently failed to stop the usual or reasonable time to enable passengers exercising ordinary diligence to get off and on the train, and if plaintiff's injury was the natural and direct result of such negligence, to find for him; or, that if defendant's conductor or brakeman in charge knew of plaintiff's intention to get off after assisting his sister aboard and negligently started the train before he could with reasonable diligence leave it, and if his injury was the natural and direct consequence of such negligence, he would be entitled to recover.

The first clause in this paragraph of the charge makes appellant liable for its failure to stop the train the usual or reasonable length of time to enable passengers exercising ordinary diligence to get off, regardless of whether or not its servants in charge knew of

his intention to leave it after assisting his sister. For this reason the charge is assigned as error. The annotator of Lawyer's Reports Annotated (vol. 15, p. 434); in considering cases involving the duty of a carrier to persons entering a vehicle to assist a passenger, says: "So far as any rule has been evolved by the few reported cases, it seems to be one founded on the fact of notice to agents of the company of an intention to enter the vehicle and return again to the station platform. In case such notice is given, there is a tendency to hold the carrier to the exercise of ordinary care not to injure the assistant, while in case there is no such notice, either actual or constructive, it seems that the company owes no duty to such person." We have examined all the authorities on the subject accessible and believe the rule quoted, so cautiously and carefully stated, fully sustained by them. For a discussion of the cases and principles from which the rule is evolved, we respectfully refer to the opinion of Mr. Justice Hemingway, in Railway v. Lawton, 55 Ark., 428; 15 L. R. A., 434; 18 S. W. Rep., 543.

In Railway v. Miller, 27 S. W. Rep., 905, which is a case of the same character as the one under consideration, Mr. Justice Finley says: "The company was under obligation to passengers to stop the train a sufficient length of time for those desiring to get off and those desiring to take passage to do so with safety. It was the duty of the appellee to take notice of the usual length of time given for this purpose, and if it was not sufficient, and it was necessary for him to go on the train, in order to place upon the company the duty of holding the train specially for him to disembark, he must have given notice of his intention." From this it may be inferred, (1) that it is not obligatory upon one boarding a train to assist a passenger to give notice of his intention to get off, unless the usual time given passengers to enter and leave the train is insufficient for that purpose; and (2), that if the usual time given for that purpose is sufficient, the company will be liable to such assistant without notice of his intention to get off, if such usual time is not given. No doubt this construction of the opinion was given by the trial judge, and induced him to give the charge complained of. We do not believe, from a consideration of the entire opinion, that it was the intention of the court to announce a rule different from the one stated by us. It was considering a special charge asked by the company which embodied the inference referred to, but which, in addition, stated a correct principle of law, applicable to the case, the court had failed to give. In holding that the court should have given the charge, it cannot be said the Court of Civil Appeals endorsed every inference which could be drawn from it, for if the railroad desired a charge announcing the law stronger against it than was warranted, no one could complain of it, and as it asserted correctly a principle applicable to the case, it should have, as is held in the opinion, been given. In that case the question as to the liability of the company to the plaintiff in the absence of notice of his intention to leave the train was not before the court and was not considered, hence the opinion should not be taken as authority on that

point.   The holding by the court that the company owed the plaintiff "ordinary care" clearly shows that its duty to him was not that of a carrier to a passenger, to whom a higher degree of care is due in leaving a train.   We conclude, therefore, that the court erred in giving the portion of the charge referred to.

There was evidence tending to show that appellant's servants who directed and controlled the movement of the train had notice of appellee's purpose in boarding it, and of his intention to leave it when he performed the services for his sister.   If they did have such notice, the appellant owed him the duty of ordinary care; and it was for the jury to say whether such duty was performed, and, if it was not, whether appellee's injury was proximately caused from its breach.   Hence the court did not err in refusing to give the special charge asked by appellant, directing the jury to find a verdict in its favor.

It seems from the testimony that the train was moved upon a signal given by a brakeman.   If, therefore, such brakeman ordered appellant to leave the train, the giving of such order might tend to show that he knew appellee was not a passenger, and that he (the brakeman) had knowledge of appellee's intention to leave it after he had rendered his sister the intended assistance.   Therefore the fact that he gave such order was admissible in evidence for the purpose of showing knowledge of appellant's servant who directed the train to start, that appellee intended to leave it after he had performed the services for which he went on board.

It is not, in this State, negligence per se for one to attempt to leave a moving train.   The question of negligence vel non in such cases is one for the jury to determine in the light of all the facts and circumstances surrounding the transaction.   The question as to whether appellee's getting off the train while in motion, and whether the way he got off were negligence contributing to his injury, were in our opinion, properly submitted to the jury.

For the error indicated, the judgment of the court below is reversed and the cause remanded.

Writ of error refused.                    *Reversed and remanded.*