(99 App. Div. 571)

## DUNNE v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. CARRIERS—PERSONS ACCOMPANYING PASSENGERS—OBLIGATION OF CARRIER.
   The obligation of a railroad to one accompanying a passenger into a car is not that due a passenger, but, if it suffers him to enter its car, it owes him ordinary care from the time he enters until he leaves the same.

2. SAME—LENGTH OF STOP.
   There is no obligation upon a railroad to hold its train until every person not a passenger leaves the same, irrespective of the time of the stop made at the station.

3. SAME—NOTICE OF PERSON'S ACTS.
   The fact that servants of a railroad saw a person who accompanied a passenger onto the train walking in the aisle of the car, or coming out on the platform, did not require them to forbear from giving the signal that the train could proceed; but their obligation so to do only arose after they had received, or should, in the exercise of due care, have received, actual notice of the intention of such person to leave the car.

4. SAME.
   The mere fact that one who accompanied a passenger onto a railroad train descended onto the step of the car was not sufficient to render the conduct of the railroad's servants in starting the train negligence.

5. SAME.
   A railroad is not required, as a matter of law, to have a servant stationed at the foot of the steps to hold a train until a person not a passenger can leave the same, when that person only signifies his intention of leaving by his act of alighting.

6. SAME—RELIANCE ON CUSTOM—KNOWLEDGE OF PASSENGER.
   Where it was the custom of a railroad to station a brakeman at the foot of the steps, who was not to signal the train to proceed until all persons, including those in the act of alighting, had reached the ground in safety, a person who accompanied a passenger onto the train and knew of the custom had a right to rely on its observance; but, if he knew of no such custom, he took the consequences of his act in alighting from the car.

Appeal from Trial Term, Westchester County.

Action by Edward Dunne against the New York, New Haven & Hartford Railroad Company. From an order denying a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Hugh A. Bayne, for appellant.
Michael J. Tierney, for respondent.

JENKS, J. The plaintiff went into the car of the defendant as escort of a woman passenger. He complains that he was thrown off the car while alighting therefrom, in consequence of the starting of the train out of the station, and he contends that the defendant was negligent in not affording a reasonable period for him to leave the car.

The obligation of the defendant to the plaintiff is not that due to a passenger, but, if it suffered him to enter its car, it was one

¶ 2. See Carriers, vol. 9, Cent. Dig. § 1242.

of ordinary care while he was entering its car, while he was in it, and while he was leaving it. Thompson's Commentaries on the Law of Negligence, vol. 3, § 2658, and authorities cited; Lucas v. New Bedford & Taunton R. Co., 6 Gray, 64, 66 Am. Dec. 406; and authorities infra. There is no proof that there was a custom to warn escorts of the starting of a train, or that the plaintiff at any time notified the defendant of his errand, or of his purpose to leave the car ere the train drew out. There is no proof of any circumstance which gave notice or ought to have given notice to the defendant that the plaintiff was other than a passenger intending to begin his journey in that train, save such as might arise from his act of alighting. I think that there was no obligation on the defendant to hold the train until every person on the train not a passenger left the train, irrespective of the time of the stop made at the station. It would be impracticable, if not unreasonable, thus to admeasure the duty of the defendant. And it would also be unreasonable to require the servant of the defendant to forbear from giving a signal that the train could proceed simply because he saw a person walking in the aisle of a car, or coming out onto the platform thereof, for those are common practices of passengers who have no intention of leaving the train, even though it be at a standstill in a station. I think that the obligation of the defendant, under these circumstances, only arose after it had received, or should, in the exercise of due care, have received, actual notice of the intention of the plaintiff to leave the car. Yarnell v. Kansas City, Ft. Scott & Memphis Ry. Co., 113 Mo. 570, 21 S. W. 1, 18 L. R. A. 599; Coleman v. Georgia R. Co., 84 Ga. 1, 10 S. E. 498; Thompson's Commentaries on the Law of Negligence, § 2658; Shearman & Redfield on the Law of Negligence (5th Ed.) 492a; Railway Co. v. Lawton, 55 Ark. 428, 18 S. W. 543; Griswold v. Chicago & Northwestern R. Co., 64 Wis. 652, 26 N. W. 101; M., K. & T. Ry. Co. v. Miller, 8 Tex. Civ. App. 241, 27 S. W. 905; Fetter on Com. Carr. of Pass., vol. 1, § 237; Louisville & Nashville R. Co. v. Espenscheid, 17 Ind. App. 558, 571, 47 N. E. 186. And I think that there is not sufficient proof in this case that the defendant received or should have taken such notice.

It is contended, and such is the view of the learned trial justice, that "plaintiff was on the platform or step, getting off, when the train started, and would have been seen there if the defendant had looked before starting to see if any one was getting on or off"; and it is said by the learned justice that the defendant "certainly owed that duty to passengers getting on or off, and I think, also, to any other persons lawfully there." I think that the vice in this view is the placing the plaintiff in the category of passengers, and in the assumption that the defendant started the train after it had sufficient notice of the intention of the plaintiff to alight. It is to be presumed that at this time the outgoing passengers had left the train, and certainly it is not the duty of the defendant to hold the train in the supposition that passengers getting on the train intend to get off the train at the same station. A notice which, if it exist at all, must be spelled out of the mere act of descent onto the step,

is not sufficient, under the circumstances of this case, to render the conduct of the defendant in starting the train negligence. Indeed, in the absence of any peculiar feature of the act of the plaintiff, it seems almost incredible that the rear brakeman could have signaled the middle brakeman by flash of lantern, and the middle brakeman likewise in turn the head brakeman, and the head brakeman likewise in turn the conductor, and the conductor the engineer, and the engineer have started the locomotive so as to engage the rails on an up grade, after the plaintiff had given such notice of his intention, and as he was "about to step from the last step." The conductor, moreover, testifies that it required about half a minute for the engineer to start the train after receiving his signal. Even if the estimate be inaccurate, it is certain that some interval must elapse before the wheels can engage the rails.

Stress is laid by the plaintiff upon the fact that there was no brakeman at this place. The evidence upon this issue is unsatisfactory, for the plaintiff only testifies on rebuttal that there was none on either platform of the cars, or "on the station, that I could see"; and the passenger whom he escorted testifies also, on rebuttal, that there was no brakeman "at the platform by which I entered the car, or on the station platform opposite." The weakness of this testimony is due to the facts that the regular post of the brakeman at this time was on the station platform, and that he only boarded the train as it moved out; and hence the plaintiff only testifies that he could not see a brakeman at his usual post, without testifying that he looked to see, and in the face of the probability that his attention was absorbed in his act of alighting. As to the other witness, she speaks only of the time when she entered the car, while the accident occurred after a seat had been found for her in the car, and her luggage had been placed beside her. Opposed to this testimony is that of the conductor and the brakeman. But even conceding that the presence or absence of the brakeman at this particular place presented a question for the jury, I fail to see its bearing upon the issue of the defendant's negligence. I think that the defendant was not required, as matter of law, to have a servant stationed at the foot of these steps to hold the train until a person not a passenger could leave the train, when that person only signified that intention by his act of alighting therefrom. If, however, it was the custom of the defendant to station a brakeman there, who must not signal until every person—even those in the act of alighting—had reached the ground in safety, and the plaintiff knew of this custom, he had the right to act in reliance on its observance; but as to that there is no evidence. For aught that appears, even if he failed to see any brakeman, he knew of no custom to have one stationed there, and therefore he took the consequences of his act in proceeding to alight from the car.

In Sutton v. N. Y. C. & H. R. R. Co., 66 N. Y. 243, Andrews, J., says, "Negligence is ordinarily a question for the jury, but only when the facts would authorize a jury to infer it." In Heaney v. Long Island R. Co., 112 N. Y. 122, 19 N. E. 422, Judge Gray says, "Where it is sought to hold another liable for the damage occa-

sioned by some alleged negligent act, the negligence is to be made out by some positive proof, or by proof of circumstances from which the jury may fairly infer the existence of the negligence."

I think that the order must be reversed and a new trial granted.

Order reversed and new trial granted; costs to abide the event. All concur.