TEXAS CENTRAL RAILWAY COMPANY V. E. BROCK.

No. 314.

**Charge—Duplicating Damages.**

In action for personal injuries, it was error, after charging upon the subjects for which damages might be allowed, to specify the particular items. Such charge suggests double damages. See example ........................ 312

ERROR to Court of Civil Appeals for Second District, in an appeal from Comanche County.

*Hamilton & Pressler* and *L. W. Campbell*, for plaintiff in error.

*Lindsey & Goodson*, for defendant in error.

GAINES, CHIEF JUSTICE.—This is a suit for personal injuries alleged to have been received in a railroad accident. As to the measure

of damages, the court upon the trial of the case instructed the jury as follows: "If you find for the plaintiff, you will find such actual damages, if any, as are claimed in the petition, and as you find from the evidence he has sustained by the injuries and hurts, if any, proved to have been inflicted by the acts complained of on part of the defendant, and which were occasioned in the manner and through the negligence alleged; that is, in such case you should find (1) the reasonable value of the time, if any, lost by plaintiff during the time he was incapacitated, if at all, from work or labor, taking into consideration the nature of his business and the value of his services in conducting the same, not exceeding the amount claimed therefor in plaintiff's petition; (2) a fair compensation for such mental distress and sufferings, if any, as you may find plaintiff suffered by reason of the injuries so charged and received, not to exceed the amount claimed therefor in plaintiff's petition; (3) the reasonable value of the medical attendance and services reasonably necessary, and that were occasioned by reason of plaintiff's injuries, not to exceed the amount claimed therefor; (4) fair compensation for any other injury, if any, not hereinbefore enumerated and classed in plaintiff's petition, as temporary, not to exceed the amount claimed therefor; (5) such sum as you may find is reasonable compensation for hernia, or rupture, if any, that you may find plaintiff received as charged, taking into consideration the plaintiff's incapacity for labor arising therefrom, and its general character as to permanency or otherwise."

This charge is assigned as error in the Court of Civil Appeals and in this court, and it is insisted that it allows a double recovery for a part of the damages claimed in the petition. We think that the objection to the instruction is well taken. In the first place, the court instructs the jury, in effect, that in case they find for the plaintiff they should give him a verdict for such actual damages as he has sustained by reason of his injuries, and then proceeds to give in detail the several elements of damage for which they may allow compensation. First, they are to compensate for the time lost by him, evidently meaning the time he was incapacitated from labor by reason of his injuries, and evidently including all his injuries. Lastly, the jury are instructed to give the plaintiff compensation for hernia, or rupture, if found to have resulted from the accident; and in determining such compensation, to take into consideration his incapacity to labor, and the probability of its permanency or duration. By the last instruction, the learned judge probably intended merely to direct the jury to give such reasonable damages as would compensate the plaintiff for his diminished capacity to labor in future, resulting from a hernia, or rupture, if they found that such an injury was caused by the accident. But the instruction is not so limited. It authorized the jury to give damages not only for incapacity to labor in future, resulting from that cause, but also for time lost before the date of the trial, as a result of the same incapacity. Indeed, the action of the court in singling out

the special injury, and in charging the jury to give compensation for that injury, after having given instructions covering every element of damages plaintiff was entitled to claim, except that of his diminished capacity to labor in future, was calculated to induce the jury to believe that, to the damages for all his injuries taken together, they were to add special damages for the hernia, or rupture, if they found such to exist. The charge, to say the least of it, was calculated to confuse and mislead the jury, and to increase the recovery beyond the amount to which the plaintiff was entitled.

It is not clear to us, that the instruction which directs the jury to give compensation "for any other injury not hereinbefore enumerated, and claimed in plaintiff's petition as temporary," is not subject to a similar objection. In the petition, no damages seem to be claimed for physical suffering. The charge had already instructed the jury to allow compensation for lost time, for mental distress, and for the expense for medical attendance, and for service consequent upon his injuries. What other damages could be allowed for his temporary injuries? We call attention to this in view of another trial.

For the error in the charge complained of, the judgment must be reversed. The reversal of the judgment renders it unnecessary to consider the assignment of error based upon the refusal of the court to grant the motion for a continuance. There is no error pointed out by the other assignments. They were correctly disposed of by the Court of Civil Appeals.

For the error pointed out, the judgments of the District Court and of the Court of Civil Appeals are reversed, and the cause remanded.

*Reversed and remanded.*

Delivered June 13, 1895.