Texas & Pacific Railway Co. v. S. O. Curlin.

Delivered April 18, 1896.

**1.   Railway Company—Charge of Court—Negligence Defined.**

In an action against a railway company for personal injuries, the court charged that, "Negligence is the failure to do what a reasonable and prudent person would have done under the circumstances of the situation, or doing what such person would not have done.  The duty is dictated and measured by the circumstances of the occasion.  Contributory negligence is the want of reasonable care on the part of the person injured, which concurs with the negligence of the servants or employes of the defendant inflicting the injury."  No request was made for a more specific definition of negligence.  Held, that the definition given was substantially correct, and was not to the injury of the defendant.

**2.   Same—Action for Personal Injuries—Comparative Negligence.**

In an action for personal injuries sustained at a railway crossing, a requested instruction that, "If the jury believe that the accident was caused by the gross negligence of the driver (of the carriage), and the persons in charge of the engine were guilty of only slight negligence, the plaintiff cannot recover," was properly refused, because it invoked the doctrine of comparative negligence, and also attempts to hold the plaintiff responsible for the negligence of the railway company, and for that of the driver of the carriage, over whom he had but little control.

**3.   Same—Accident at Crossing—Contributory Negligence of Another Person.**

Where plaintiff was injured by defendant's engine while crossing its railway track in a hired carriage, over the driver of which he had no control, the court properly refused an instruction to the effect that if the driver was guilty of negligence which contributed to the injury, plaintiff could not recover, even though defendant was also guilty of negligence.

**4.   Same—Street Crossing—Duty to Approaching Carriage.**

The court properly refused an instruction to the effect that an engine standing on the track near a street crossing, with nothing in front of it, has the right to go ahead, and need not wait for an approaching carriage to cross, and that the persons in charge of the engine are not required to look for a carriage approaching the crossing, as it would have exempted the company from the use of any reasonable care or precaution.

Appeal from Harrison.   Tried below before Hon. W. J. Graham.

*F. H. Prendergast,* for appellant.

*T. P. Young,* for appellee.

LIGHTFOOT, Chief Justice.—The statement of the case by appellant is substantially correct.  On March 22, 1887, S. O. Curlin and his wife were in a carriage, and while crossing the railroad track at a pub-

lic crossing in the city of Marshall a switch engine of the Texas & Pacific Railway Company collided with the carriage, and injured Mrs. Curlin. On August 8, 1887, S. O. Curlin filed suit in the District Court of Harrison County for $10,000 damages against Brown & Sheldon, receivers, who were then operating the road. On September 23, 1890, plaintiff made the Texas & Pacific Railway Company a defendant. The railway company filed a general denial, and also set up that the driver of the carriage drove on the crossing and so near the approaching engine that it caused the injury. On February 21, 1895, there was a trial by jury, and verdict and judgment for $2725 rendered for plaintiff, from which the railway company appeals.

There were three carriages. They had been to a wedding at the Methodist Church in Marshall, on the south side of the railroad, and were proceeding one in front of the other across to the north side of the railroad; the place where the carriage road crossed the track being just at the end of the yard, where much switching was done. The carriages were hired from a public livery stable for the occasion, the livery man furnishing the driver. The carriages traveled north to the railroad, and it is down hill to the track for 100 yards from the south to the track. The carriages approached the track some twenty or thirty feet apart, traveling in a trot, but before crossing the speed was slackened. There were about five tracks there, and there was a two-story house belonging to the defendant standing even with the edge of the street on the right hand side, and a box car on the first track projecting into the street a few feet on the right hand side, and on the second track stood the switch engine hitched to a train of cars. Some person with a lantern signalled to the front carriage to come ahead, and the first and second hacks passed over in safety. As the third hack came on the second track the engine moved up and struck the hack, and moved it some two or four feet, and knocked Mrs. Curlin and Mrs. Gilleland out and injured them. The former was damaged thereby to the amount found in favor of plaintiff by the verdict. The headlight of the engine was shining on the crossing. The occurrence was at 9 o'clock at night. It was a public street crossing, and a great many people cross at the place both day and night. A flagman was kept there by the railroad company in day time, but not at night. The passengers sat in the carriage facing each other, and the driver sat in front. The driver of the carriage was not a regular driver, but drove when called on. The carriage way over the track is about twenty or twenty-five feet wide.

1. The first assignment of error objects to the definition of negligence given in the following charge of the court, to-wit: "Negligence is the failure to do what a reasonable and prudent person would have done under the circumstances of the situation, or doing what such person would not have done. The duty is dictated and measured by the circumstances of the occasion. Contributory negligence is the want of reasonable care on the part of the person injured, which concurs with

the negligence of the servants or employes of the defendant inflicting the injury."

This definition of negligence, although not as specific and clear as it might have been, yet was substantially correct, and is not without authority to sustain it. See reasoning of the court in Rost v. Railway, 76 Texas, 172; Railway v. Gorman, 2 Texas Civ. App., 146; Railway v. Ives, 144 U. S., 416; Railway v. Jones, 95 U. S., 441. If appellant desired a more specific definition of negligence than was given by the court in its general charge, it should have requested it by special instruction; but no such request was made, and we are unable to see how appellant could have been injured by the general definition of negligence as given by the court.

2. The second assigned error is the refusal of the court to give the following special instruction: "If from the evidence the jury believe that the accident was caused by the gross negligence of the driver of the carriage, and the persons in charge of the engine were guilty of only slight negligence, the plaintiff can not recover. The mere fact that defendant was guilty of negligence would not make it liable, unless its negligence amounted to the want of ordinary care, and also that its negligence contributed to the injury."

This charge would not have been proper, because it invokes the doctrine of comparative negligence, and for the further reason that it attempts to hold the appellee responsible for the negligence of the railway company and for the negligence of the driver of the hired cab, over whom appellee had but little control.

The court in its main charge instructed the jury as follows:

"If you believe from the evidence in this cause that plaintiffs were riding in a carriage, and when crossing the track of defendant company the carriage was run into by the train operated by the servants of the defendant company, and in doing so the defendant company was guilty of negligence, and thereby plaintiffs or either of them were injured; and you further believe there was not contributory negligence on the part of the injured onès, then you should find for plaintiff such sum in money as will fairly compensate for the injuries proximately resulting from such negligence.

"If you find that either or both of plaintiffs were injured, but further believe that the injuries were caused by negligence of the injured one, concurring with the negligence of the defendant, if any, or if they were injured and you should believe that the injury was not caused by the negligence of the defendant company, in either event you will find for defendant.

"If the driver of the carriage was negligent, and his negligence was the sole cause of the injury, then you should find for the defendant. But if the driver of the carriage and the servants of the company operating the train were both negligent, and the negligence of both concurred in producing the injury, and the jury should be unable to separate their negligence and say that one or the other was the sole cause of

the injury, then plaintiff would not be prevented from a recovery on account of the driver's negligence, but in such case the defendant company would be responsible for the injury.

"If the carriage that plaintiffs were riding in went on the track while the train was approaching the crossing, and you believe that their going on the track was not caused by the negligence of the defendant company, and after going upon the track they were discovered by the employes of the defendant company operating the train, and they, as soon as they saw them, used all reasonable efforts and means at their command to avoid the injury, then defendant company would not be liable for the injury."

Appellant has not complained of the above charge, and we think the issues therein were fairly presented to the jury, and that the special instruction presented in the above assignment was properly refused.

3.    The third, fourth and fifth assignments of error complain of the refusal of special instructions asked by the appellant, in which it was sought to instruct the jury, that if the driver of the carriage in which appellee was riding was guilty of negligence, and this negligence contributed to the injury of Mrs. Curlin, then she cannot recover, even if the persons in charge of the engine were also guilty of negligence. The same point is made in the ninth assignment of error, upon the refusal of the court to grant a new trial.

In the first place it was shown without controversy that the carriages and their drivers had been employed from the livery stable to haul a wedding party from the church to the bride's home; that Mr. and Mrs. Curlin were members of the party.   It appears that as the three carriages approached the crossing the driver of the front carriage hailed to know if they could cross.   A person who came out of the office of the yardmaster answered.   The driver told him that three carriages wanted to cross; the reply came, "All right, drive over."   The yardmaster's office is on the north side a few feet east of the crossing, the carriages being on the south side.   They started over the track, the two in front passed over safely, but as the last carriage went on the track the engine was standing still, the latter started forward, without notice or signal, and struck the last carriage, injuring Mrs. Curlin.   It was not shown that the driver was guilty of negligence in going upon the track; it was not shown that the driver was incompetent; or that appellee was guilty of any negligence in employing him.

In the case of Railway v. Kutac, 72 Texas, 652, where Kutac and his wife had taken passage in the wagon of a neighbor, over which they had no control, and in which Mrs. Kutac was killed at the railway crossing, the court said: "The court, in substance, instructed the jury that if the driver of the wagon was guilty of negligence, this would not prevent a recovery, if the negligence of the defendant and not the contributory negligence of Mrs. Kutac caused her death, unless the jury believed she was assisting, advising or controlling the driver in his actions and thus contributed to her injury.   As we have stated, we do

not think the negligence of the driver is imputable to Mrs. Kutac, if she used ordinary care to avoid the injury. In so far as it announces that principle, the charge was correct. * * * There was no error in refusing the instructions requested by the appellant, because embodying the principle that the negligence of the driver is imputed to the passenger, which is not the law applicable to this case." See, also, Markham v. Navigation Co., 73 Texas, 247; Railway v. Pendery, 29 S. W. Rep. (Texas Supreme Court), 1038; Garteiser v. Railway, 2 Texas Civ. App., 236, and authorities there cited.

But in this case the only pleading on the part of the defendant below upon the question of contributory negligence was as follows: "And the defendant further says that it was negligence of those in charge of the carriage in which plaintiff and his wife were riding in driving on the railroad track in front of the engine which caused the injury." The defendant set up no contributory negligence on the part of Mrs. Curlin or her husband, and the pleading of the defendant itself thus practically admits that they did not have charge of the carriage. This fact was established beyond controversy. The court, under the circumstances, would have been justified in refusing to submit the issue of contributory negligence to the jury at all. Railway v. Shieder (by Denman, judge), 30 S. W. Rep., 902; Railway v. Jamison, 34 S. W. Rep., 674.

4. The sixth assignment of error is upon the refusal of the court to give the following special instruction: "The jury are charged that when an engine is standing on the track near a crossing and there is nothing on the track in front of it, it had the right to go ahead, and need not wait for an approaching carriage to cross in front of it. The persons in charge of the engine were not required to look for a carriage approaching the crossing."

This charge was correctly refused. The crossing was a public street in a city, where the public was in the habit of crossing and recrossing; and the railway company in crossing such street was required by law to use certain precautions to avoid danger to persons upon such public street; and the requested charge would have exempted the company from any reasonable care or precaution.

5: The questions growing out of the seventh, eighth, tenth and eleventh assignments have been fully considered in the foregoing discussion.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.