## JOHN MCCABE v. SAN ANTONIO TRACTION COMPANY.

### Decided May 31, 1905.

**1.—Trial—Admission of Evidence—Issue not Submitted—Street Cars.**

In an action for injury to a street car passenger in alighting, error, if any, in admitting evidence of a city ordinance prescribing where cars should stop at street crossings, was harmless where no issue as to negligence in stopping the car was submitted to the jury.

**2.—Negligence—Street Cars—Stopping at Crossings.**

A street car company can not ordinarily be held negligent in acting in obedience to a valid ordinance of a city prescribing its duties to the public, as with reference to where its cars shall or shall not stop at street crossings.

**3.—Evidence—Conclusion of Witness.**

As an exception to the rule excluding the conclusions and opinions of a witness, common observers may testify as to the results of their observation, made at the time, in regard to common appearances or facts, and a condition of things which can not be reproduced and made palpable to the jury. No exception held applicable where a witness stated that a lady whom he saw alight from the running board of a street car fell because she must have slipped.

Appeal from the District Court of Bexar. Tried below before Hon. A. W. Seeligson.

*Will A. Morris,* for appellant.—The testimony of the witness Cook that Mrs. McCabe slipped was shown by his cross-examination to be a conclusion, and was not admissible. Railway Company v. Lane, 79 Texas, 646; Dennis v. Sanger, 39 S. W. Rep., 998; Waul v. Hardie, 17 Texas, 559.

*Ogden & Brooks, W. H. Lipscomb* and *Walter P. Napier,* for appellee.—Witnesses not shown to be experts may, nevertheless, testify to the facts, although such facts appear to be opinions or conclusions of facts, if the subject matter to which their testimony relates can not be reproduced or described to the jury as it appeared to the witnesses at the time of its occurrence. Atchison, T. & S. F. Ry. Co. v. Miller, 18 Pac. Rep., 486; Commonwealth v. Sturtivant, 117 Mass., 133; State v. Shinborn, 46 N. H. 501; City of Persons v. Lindsay, 26 Kan., 432; 1 Elliott on Evidence, 677.

NEILL, ASSOCIATE JUSTICE.—This was a suit brought by appellant against the appellee to recover $15,000 damages for personal injuries to his wife, alleged to have been occasioned by the negligence of defendant while she was a passenger upon one of its electric street cars.

After alleging that the car upon which his wife was a passenger was an open car provided with a step known as a running board extending along its side from one end of the car to the other, plaintiff alleged, as the grounds of negligence which caused her injuries, that defendant negligently failed to stop the car at a street crossing where there was a plank walk upon which she could alight from the car with safety, and that after the car passed beyond the plank walk, it being dark and his wife, not being able to see the condition of the street where the car

was stopped, in response to defendant's invitation to alight from the car at such point, stepped on the running board; she being an aged and delicate woman, the conductor while guiding and assisting her, told her to walk back along the running board to the end of the car to the plank walk, suddenly turned her around facing the back end of the car and then, without warning her, suddenly turned loose her arm, whereby she, being unable to balance and prevent herself from falling, fell violently to the ground. That the act of the conductor in releasing his hold on her in such manner was negligence on the part of defendant, which, without fault or negligence of plaintiff's wife, independently and together with the negligence of defendant in failing to stop the car at a proper place for her to alight, was the direct and proximate cause of her injuries.

The defendant, after denying the alleged act of negligence, plead that plaintiff's wife was guilty of contributory negligence in that after the car had stopped in obedience to her signal at a reasonably safe and proper place for her to alight therefrom, she, in undertaking to alight, was so negligent and careless that she slipped and fell from the running board, thereby causing her fall and injuries, if any, resulting therefrom.

The case was submitted to the jury only upon the alleged negligent act of the conductor in releasing his hold on plaintiff's wife while she was on the running board and upon the issue of her contributory negligence. A general verdict was found for the defendant, and from the judgment entered upon it plaintiff has appealed.

*Conclusion of Fact.*—We find in deference to the verdict that plaintiff's wife's fall from the car, and the alleged injuries were not caused by the negligence of defendant.

*Conclusions of Law.*—As the case was not submitted to the jury upon the issue of the alleged negligent failure of defendant to stop the car so plaintiff's wife could alight therefrom on the plank walk, we fail to perceive how plaintiff could in any way have been prejudiced by the court's admitting in evidence the ordinance of the city inhibiting street cars from stopping on street crossings and compelling them to stop after passing such crossings for the purpose of taking on and letting off passengers. If, however, the case had been submitted on the issue as to whether defendant was negligent in failing to stop the car opposite the plank walk, which was shown to be at a street crossing, the ordinance would have been admissible as evidence negativing such negligence. For a defendant can not, ordinarily, be held negligent in acting in obedience to a valid ordinance of the city prescribing its duties to the public.

The third assignment of error complains of the court's refusing on plaintiff's motion to strike out the testimony of the witness F. W. Cook, to the effect that Mrs. McCabe slipped off the running board, the ground of such motion being that the witness on cross-examination showed that his statement, that she slipped off, was merely a conclusion, and that he did not know and could not testify as a fact that she slipped.

The testimony of the witness, which is made the subject of this assignment, is as follows: "I was sitting several seats behind the two ladies

and one of them rang the bell, I think it was Beauregard Street. The streets were muddy. The elder of the two ladies rose first to get off the car, and I think she walked along the running board some distance, because the car went beyond this cross walk, that is, I mean the car didn't go beyond the cross walk, but the seat upon which she was sitting went beyond the cross walk. I mean across the walk. And as she was walking along the younger lady also started to leave the seat, and stepped on the running board, and when the younger lady rose from her seat to get on the running board, the conductor got out and stood on the ground, wishing to assist the ladies to get off the car, and when both ladies attempted to get off the car at the same time, the conductor was compelled to divide his attention, and he tried to help the old lady and the young lady at the same time, and the old lady slipped and fell in the mud in the street. . . . The car did not stop exactly at their seat, so they had to walk along the running board to get to the cross walk."

On cross-examination he testified: "I was sitting several seats behind the ladies, I was not paying particular attention to what occurred. There were no other persons between me and them to obstruct the view. Well, the lady must have slipped and fell, because she couldn't fall any other way. I testify that she fell, whether she slipped, that is the only conclusion I can come to. . . . It was simply a form of speech to illustrate the way she fell. . . . I said that she slipped because that was the natural way for her to fall. . . . If a man falls on the street it is presumed he slipped. . . . I will state positively that she did step along the running board."

It is an exception to the general rule that witnesses can not give conclusions or opinions, that evidence of common observers, testifying to the results of their observation, made at the time, in regard to common appearances or facts, and a condition of things which can not be reproduced and made palpable to a jury, is admissible. (Commonwealth v. Sturtivant, 117 Mass., 133; Elliott on Evidence, secs. 676-678.) We believe the testimony complained of in this assignment comes within and was admissible as evidence under this exception to the general rule; and that the court, for this reason, did not err in refusing to exclude it from the consideration of the jury.

Our conclusion of fact disposes of the assignment which complains of the insufficiency of the evidence to support the verdict. The burden of proving negligence was upon the plaintiff, and unless the evidence upon the issue was of such preponderating weight as to show the verdict is wrong, we are not authorized to disturb it. The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.