GULF, C. & S. F. RY. CO. v. DAVIS et ux.

(Court of Civil Appeals of Texas. Austin. June 21, 1911.)

1. DAMAGES (§ 216*)—MEASURE FOR PERSONAL INJURIES—INSTRUCTIONS.

The instruction in a personal injury action that in case the jury find for plaintiff they will allow such sum in damages as will now in cash compensate her for any physical or mental pain suffered by her, or any loss of time, and if they further believe her injuries are permanent they will allow her an additional sum for physical pain and mental anguish in the future, and also for loss of time in the past or in the future,

is erroneous as authorizing and directing allowance twice for loss of time in the past.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

2. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

A reversal is necessary where an instruction authorized assessment of damages twice for the same item, and the verdict was general, so that it cannot be said what, if anything, was allowed thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4228; Dec. Dig. § 1068.*]

3. EVIDENCE (§ 471*)—CONCLUSIONS—ADMISSIBILITY.

Witnesses, who saw one fall, may give their opinion as to whether it was accidental or voluntary; it being impossible to reproduce the appearances.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by L. C. Davis and wife against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs. Defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, Brown & Lockett, and Lee & Lomax, for appellant. J. B. Haynes, W. Poindexter, and Walker & Baker, for appellees.

RICE, J. This suit was brought by appellee, joined by his wife, against appellant to recover damages for personal injuries, alleged to have been sustained by her in a fall from the platform or steps of one of appellant's passenger cars, occasioned by the alleged negligence of appellant in permitting a screw, nail or some other obstacle to protrude from the platform of said car, whereby her dress was caught, causing her to fall, while alighting therefrom to the ground, on the night of January 16, 1909, producing the injuries complained of.

Among other defenses asserted by appellant was that the fall of plaintiff's wife was intentional on her part, and was not occasioned by any act of negligence on the part of appellant; that there was no screw, nail, or other projection in the platform whereby her dress was caught, and that her injuries, if any, were caused by her own willful and deliberate conduct in voluntarily throwing herself from the platform.

There was a jury trial, resulting in a verdict and judgment in behalf of plaintiffs in the sum of $5,000, from which this appeal is prosecuted.

[1] Numerous errors have been assigned, all of which have had our most careful consideration. None of them require at our hands a reversal of the case, except one, which will now be considered. The twenty-sixth assignment predicates error upon the following charge of the court: "If you find for the plaintiffs, then you will find for them such a sum of money as damages as will now, in cash, compensate them for any physical or mental pain that Mrs. M. J. Davis may have suffered by reason of any injury, if any, that she may have received from the negligence of the defendant's employés, or any loss of time, if any has been shown; and if you further believe from the evidence that her injuries, if any, are permanent, then you will allow her such additional sum as the evidence may show that she may suffer from physical pain and mental anguish in the future, and also for such loss of time for her services in the past or that she may lose in the future, if any, as may be shown by the evidence, and if you find that Mrs. M. J. Davis was injured, as alleged, as heretofore instructed, and you believe that plaintiffs paid or agreed to pay any doctor's fees and the evidence shows the same to be reasonable and that it was incurred by reason of said alleged injury, then you will also find reasonable doctor's fees for the plaintiff."

It is insisted by appellant that this charge not only authorizes, but directs, a double recovery, in that it tells the jury, first, that they will allow Mrs. Davis such a sum of money as damages as will now in cash compensate plaintiffs for any physical or mental pain Mrs. Davis may have suffered; and, second, for any loss of time, if any has been shown, and if they find from the evidence that her injuries are permanent, to find for her such additional sum for such loss of time for her services in the past or in the future; the charge thus telling the jury to take the question of loss of services in the past into consideration twice and in two different connections, and to allow damages twice for the same item.

[2] We believe the point is well taken, and that the charge is open to the objection urged. The jury could under this charge assess double damages for loss of time in the past. This being true, and since there was a general verdict in behalf of plaintiffs, it is impossible on our part to say what amount, if any, was assessed by the jury under this charge for such loss of time. Under the authorities hereinafter cited, we think it is clear that it becomes our duty to reverse the case for the error assigned. See M., K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508; Railway Co. v. Brock, 88 Tex. 310, 31 S. W. 500; St. Louis S. W. Ry. Co. v. Smith, 63 S. W. 1067; St. Louis S. W. Ry. Co. v. Highnote, 74 S. W. 920. See, also, Passmore on Instructions to Juries in Civil Cases, § 706, p. 444.

During the progress of the trial several physicians were called to testify on the part of the plaintiff and the defendant, respectively, and the issue as to the character and extent of the injuries received by the plaintiff's wife was sharply contested, and plaintiffs rested their case without the introduc-

tion of any expert medical testimony; but after the defendant, who had put several physicians upon the stand, had closed its case, plaintiffs resorted to the testimony of several physicians, among them ' Drs. Self and Turner, who testified fully and in detail as to an examination made by them of plaintiff's wife and the result thereof. It appearing from the testimony of Dr. Self, one of these physicians introduced in behalf of the plaintiff, that he and Dr. Turner, at the instance of plaintiffs' counsel, during the trial and after the testimony of the physicians on the part of the defendant had been given, made a personal examination of the plaintiff Mrs. M. J. Davis, at which time her husband was also present, appellant having no notice that such examination would be made and its counsel not being present thereat. Thereupon appellant objected to the testimony of Dr. Turner when offered, on the ground that the rule had been demanded by plaintiffs at the commencement of the trial, and that to permit Dr. Turner to testify in behalf of plaintiffs would be in direct violation of the rule invoked by them, and greatly prejudicial to the interest of their client. This objection was overruled and said physicians were allowed to testify, and did testify, fully and in detail as to the result of such examination, and such testimony was material on the issue raised. It is true that matters of this character. are largely within the discretion of the court, and it is not ordinarily cause for reversal where the court in its discretion permits a witness to testify who has been shown to. have violated the rule; and while it is not necessary to determine in the present case whether the objection urged is sufficient cause for a reversal, since it has become necessary to reverse the case on another point heretofore mentioned, still, we do not wish to be understood as sanctioning the practice thus adopted. The wisdom of the rule had its origin in the earliest time, and is regarded as one of the surest and best methods of arriving at the truth of any issue, and promoting the due administration of justice; and, when invoked should, in our judgment, be rigidly observed. See 3 Wigmore on Evidence, p. 2381, § 1837 et seq. It may be that the discretion of the court in the present instance was not abused in allowing the witnesses to testify, in view of the explanation made to the bill; but we find it unnecessary, in view of the disposition we make of the case, to pass upon the question raised.

[3] Several witnesses of the defendant on direct examination were asked: "From what you saw as to how that lady fell there that night from the time she first began to fall until she fell into the brakeman's arms, from all the circumstances that you saw, I will ask you to state to the jury, what is your opinion and judgment as to whether she fell accidentally or fell from having caught her dress, or from some outside force, or whether she fell from her own motion and volition." Each of these witnesses who were standing near by and witnessed her fall, were, over appellees' objection, allowed to state that, in their opinion, she fell voluntarily and intentionally. This action of the court is made the basis of a cross-assignment of error on the part of appellees, who insist that we pass upon the same in the event the case is reversed. The basis of appellees' objection is that the testimony called for the opinion and conclusion of the witnesses, based on a number of facts and circumstances, and necessarily involved the intent and motives of Mrs. Davis. The court approved the bill with the explanation that this evidence was a short rendering of the facts as seen by the witnesses, and no description could have been given that would have expressed the idea. We believe the testimony was admissible for the reasons stated by the trial judge. In McCabe v. San Antonio Traction Co., 39 Tex. Civ. App. 614, 88 S. W. 387, a question very similar to the one involved was passed upon, Mr. Justice Neill holding, as shown by the syllabus, that the conclusions or opinions of common observers, testifying to the results of their observations made at the time as to common appearances or facts and the condition of things, which cannot be reproduced and made palpable to a jury, are admissible under an exception to the general rule excluding the conclusion of the witness—citing in support of his holding Commonwealth v. Sturtivant, 117 Mass. 133, 19 Am. Rep. 401; Elliott on Evidence, §§ 676, 678. See also Wigmore on Evid. § ——. Believing the evidence was admissible, this cross-assignment is overruled.

For the reason indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.