GULF, C. & S. F. RY. CO. v. FORD.†

(Court of Civil Appeals of Texas. Dallas. Jan. 13, 1912. Rehearing Denied Feb. 3, 1912.)

1. APPEAL AND ERROR (§ 1005*)—VERDICT—CONCLUSIVENESS.

A verdict supported by the testimony of the successful party corroborated in some particulars and contradicted in others and approved by the trial court will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860-3876, 3955-3995½; Dec. Dig. § 1005.*]

2. EVIDENCE (§ 539*)—OPINION EVIDENCE—COMPETENCY OF WITNESSES.

An employé of 30 days' experience in moving engines with pinch bars is competent to testify, in an action for injuries caused by the slipping of a bar, that according to the way the bar slipped and the way it jerked he believed that the heel of the bar was worn off, and that that caused the slipping, to prove defects in the bar.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2349-2352; Dec. Dig. § 539.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by Andrew Ford against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Terry, Cavin & Mills, Brown & Lockett, and Lee & Lomax, for appellant. Wm. Poindexter and S. C. Padelford, for appellee.

RAINEY, C. J. This is an appeal from a judgment of $900 rendered in favor of appellee and against appellant for personal injuries received by appellee while in the service of appellant.

The first to seventh assignments of error, inclusive, complain of the court's refusal to grant a new trial because the verdict and judgment are not supported by the evidence.

The evidence shows that appellee was in the employ of appellant, and as such employé was to do and perform such duties as directed by appellant's foreman. The appellee, with others, was directed to move an engine with pinch bars. A pinch bar is thus shaped:

In using it the toe and heel are placed on the rail, and the toe shoved up as near as possible to the wheel, and the handle extending upward and outward, then press down on the handle, and the engine will roll along the track. While appellee was so using the bar, it slipped, jerking the body of appellee and severely wrenching his neck, thereby damaging him to the amount of the judgment, $900. The pinch bar was defective, being worn smooth at the heel, which caused it to slip. The defect was unknown to appellee, and he did not assume the risk of such defect. A recovery was based upon the evidence of the appellee, and, while it was corroborated in one or two particulars, it was contradicted in others.

[1] The jury having believed the testimony of appellee and found a verdict in his favor, and the trial court having refused a new trial, we are not prepared to say the testimony was so lacking in probative force as to justify a reversal of the judgment.

[2] Appellant's eighth and last assignment is that "the court erred in permitting the plaintiff, while a witness on the stand in his own behalf, to testify over the objection of the defendant to the effect, in substance, that according to the way the bar slipped and the feeling of it going down, and the way it jerked him suddenly, made him believe that the heel was worn off and caused it to slip, for the reasons and as fully shown by defendant's bill of exception No. 5." The testimony objected to is: "According to the way that bar slipped and the feeling of the bar going down so quickly, from the way it slipped and the way it jerked me suddenly, it made me believe that the heel was worn off that it caused the slip. From the way it felt going down so quickly and so suddenly and such a hard jerk it gave me made me believe that the heel was worn off." Neither the appellee nor any of the witnesses testified to having examined the bar for defects, and the only testimony as to a defect was that of appellee, as stated. The appellee had an experience of about 30 days in such work, which was calculated to fit him to tell from the operation of a tool, if defective, what the defect was. There was no error in admitting said testimony. McCabe v. Traction Co., 39 Tex. Civ. App. 614, 88 S. W. 387; Railway Co. v. Mills, 34 Tex. Civ. App. 127, 78 S. W. 11; Railway Co. v. Davis, 139 S. W. 674; Railway Co. v. Smith, 90 S. W. 926.

The judgment is affirmed.