BRYNING v. MISSOURI, K. & T. RY. CO. OF TEXAS. (No. 620.)

(Court of Civil Appeals of Texas. Amarillo. May 9, 1914. Rehearing Denied June 6, 1914.)

1. APPEAL AND ERROR (§ 216*)—OBJECTION BELOW—REQUESTED INSTRUCTIONS.

Mere omissions in the charge cannot be made a ground of complaint in the Court of Civil Appeals, where no special charges, for the purpose of curing the defects, were requested.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 627.]

2. CARRIERS (§ 280*)—CARRIAGE OF PASSENGERS—"HIGH DEGREE OF CARE"—"ORDINARY CARE."

The "high degree of care," which it is the duty of a carrier to exercise toward its passengers, is that degree of care which a very cautious, careful, and prudent person would exercise under the same or similar circumstances, and the failure to exercise which, where required by law to do so, is negligence; and the "ordinary care," which it is its duty to exercise, is that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances, and the failure to exercise which is negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1092, 1098–1103, 1105, 1106, 1109, 1117; Dec. Dig. § 280.*

For other definitions, see Words and Phrases, vol. 8, p. 7678; vol. 6, pp. 5029–5042; vol. 8, pp. 7739, 7740.]

3. NEGLIGENCE (§ 65*)—"CONTRIBUTORY NEGLIGENCE."

"Contributory negligence" is such want of ordinary care on the part of the person injured as, concurring with the negligence of the party causing the injury, proximately contributes to the injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 83, 94; Dec. Dig. § 65.*

For other definitions, see Words and Phrases, vol. 2, pp. 1540–1547; vol. 8, p. 7617.]

4. CARRIERS (§ 280*)—PERSONAL INJURIES—INSTRUCTIONS—PROXIMATE CAUSE.

In an action against a carrier for personal injuries to plaintiff's wife while alighting from

---

a train, an instruction that it must appear from the evidence that the injury was the natural and probable consequence of the negligence, and ought to have been foreseen as likely to occur by a person of ordinary prudence in the light of attending circumstances, was proper; the words "by a person of ordinary prudence" should not be construed to apply to the degree of care required of the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1092, 1098–1103, 1105, 1106, 1109, 1117; Dec. Dig. § 280.*]

5. DAMAGES (§ 185*)—PERSONAL INJURIES—SUFFICIENCY OF EVIDENCE.

Evidence in an action for personal injury to plaintiff's wife from defendant's negligence when alighting from a car, in which defendant claimed that plaintiff was malingering and deliberately attempting to defraud, *held* to sustain a verdict for defendant.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 503–508; Dec. Dig. § 185.*]

Appeal from District Court, Cooke County; C. F. Spencer, Judge.

Action by D. A. Bryning against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for defendant, and plaintiff appeals. Affirmed.

Stuart, Bell & Moore, of Gainesville, for appellant. Garnett & Garnett, of Gainesville, and Alex. S. Coke and A. H. McKnight, both of Dallas, for appellee.

HALL, J. We adopt the following as a correct statement of the nature and result of the suit, made by appellant:

"This is a suit brought by D. A. Bryning, appellant, to recover of appellee the sum of $40,000, as damages on account of injuries alleged to have been received by his wife, Laura Bryning, on one of appellee's trains between Lindsay, Tex., and Gainesville, Tex., on the 6th day of February, 1912. Appellant alleged in substance that on the 6th day of February, 1912, Laura A. Bryning, wife of appellant, was a passenger on one of defendant's trains between Gainesville, Tex., and Lindsay, Tex., stations on the line of defendant's railway; she having paid the regular fare demanded of her by said defendant, a railroad corporation. That plaintiff's wife was a large heavy woman, weighing about 200 pounds, and that, upon her arrival at said Lindsay, she proceeded to alight from said train at the proper place. That the agents and servants of defendants, whose duty it was to assist passengers in alighting, ahead of her placed a footstool below the steps for her to step upon. That there was no platform at said place, and that said footstool was about two feet below the said step. That said Laura A. Bryning attempted to step upon said footstool, and, when she did so, the footstool turned and careened, and she fell and received severe and permanent injuries. That the defendant failed to use that high degree of care which it was its duty to use towards passengers in said case, and was guilty of negligence in that the said agent and servant of defendant, assisting Mrs. Bryning to alight, was guilty of negligence in that he set and placed the footstool aforesaid too close to the track and placed the same too far under the step and set the same so that the top surface was not level, so that, when said passenger stepped upon said footstool, the same turned or careened, but gave way, and she was precipitated to the ground; and defendant was further negligent in that said agent and servant did not assist or aid or catch the said Laura A. Bryning while she was alighting from said train, although there was no platform there, and the distance from the steps of the car to the ground was something like two or three feet at that place. That each and all of said acts were negligence and were the proximate cause of the injuries of the said Laura A. Bryning, without any negligence on the part of plaintiff or said Laura A. Bryning. That as a result of said fall she received internal injuries, causing a rupture of her kidneys, and that she suffered a fractured leg; the said injuries being permanent, necessitating medical treatment, and incapacitating her from labor, alleging her prior strong and vigorous condition, and asking damages in the sum of $40,000.

"The defendant answered by general denial, and with special plea answered that the condition of plaintiff's wife was brought about by excessive use of intoxicating liquors which she had used for many years prior to the date of the injury as alleged; that her condition was not brought about by the act of defendant, but her injuries were the result of diseases and diseased conditions existing prior to the date of her alleged injury; and defendant further answered with the special plea that, if the said Laura A. Bryning did fall at said Lindsay, her fall was intentional and was conceived with the purpose of bringing a damage suit against the defendant; that her injuries were brought about by her own negligence in that she attempted to step from said train without holding to the handrail, which defendant had provided for that purpose. On May 6, 1913, this case was tried in the district court of Cooke county, before a jury, which resulted in a verdict and judgment in appellee's favor."

The case is presented here by 19 assignments of error; nearly half of them being multifarious. Many of them do not clearly specify the errors complained of, and are not followed by proper propositions. We shall not therefore undertake to consider them seriatim. Each of the assignments attacks the charge of the court. No special charges were requested by the appellant, and several of the assignments complain of omissions in certain paragraphs of the charge.

[1] Mere omissions in the charge cannot be made a ground of complaint in this court, where no special charges for the purpose of curing the defects were requested. Van Geem v. Cisco Oil Co. (Tex. Civ. App.) 152 S. W. 1108.

[2] The first paragraph of the court's charge is:

"A high degree of care is that degree of care which a very cautious, careful, and prudent person would exercise under the same or similar circumstances, and a failure to use a high degree of care, where required by law to do so, is negligence."

In subsequent parts of the charge the court more than once specifically charges the jury that it was the duty of the appellee to use the degree of care defined in the first paragraph.

The third paragraph is:

"Ordinary care is that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances, and the failure to use ordinary care is negligence."

In subsequent parts of the charge the jury are instructed that the appellant was required to use ordinary care only.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**[3]** The fourth paragraph is:

"Contributory negligence is such want of ordinary care on the part of the person injured as, concurring with the negligence of the party causing the injury, proximately helps or contributes to cause the injury complained of."

**[4]** The fifth paragraph correctly defines proximate cause, and instructs the jury that it must appear from the evidence that the injury was the natural and probable sequence of the negligence, and ought to have been foreseen as likely to occur by a person of ordinary prudence in the light of attending circumstances. The definitions given by the court in each instance are substantially correct and generally comply almost literally with the definitions of such terms as found in the decisions of this state. M., K. & T. Ry. Co. v. Russell, 8 Tex. Civ. App. 578, 28 S. W. 1042; Texas & Pacific Ry. v. Curlin, 13 Tex. Civ. App. 505, 36 S. W. 1003; M., K. & T. Ry. Co. v. Miller, 8 Tex. Civ. App. 241, 27 S. W. 905; H. & T. C. Ry. Co. v. Dotson, 15 Tex. Civ. App. 73, 38 S. W. 642; M., K. & T. Ry. Co. v. Wolf, 40 Tex. Civ. App. 381, 89 S. W. 779; Parks v. San Antonio Trac. Co., 100 Tex. 222, 94 S. W. 331, 98 S. W. 1100; Ebert v. G., C. & S. F. (Tex. Civ. App.) 49 S. W. 1105.

Appellant insists that the use of the words "by a person of ordinary prudence," in the fifth paragraph of the charge, should be construed to apply to the degree of care required by the appellee. Taking the charge as a whole, this will be a strained construction. In the fifth paragraph the court did not undertake to state the degree of care required by either party, but this was repeatedly done elsewhere in the charge. In our opinion, the objections of appellant to the various paragraphs of the charge are hypercritical, and the matters pointed out as errors did not amount to such a denial of the rights of the appellant as was reasonably calculated to cause or did cause the rendition of an improper verdict.

**[5]** After a careful review of the entire record, we are convinced that no other verdict could have been justly rendered. The great preponderance of the evidence shows that appellant's case is a deliberate attempt to defraud, and that her alleged suffering was in the main malingering. It cannot be denied that she was to some extent afflicted, but the testimony adduced in behalf of the appellee was sufficient to convince, and evidently did convince, the jury that her condition was not due to any negligence on the part of appellee or its servants and employés. Appellant admitted upon the stand that she was addicted to the use of intoxicating liquors, and had been for years. Several peace officers testified to having arrested her in a drunken condition upon the public streets of her town. Unimpeached physicians testified that the ulcers and fragments of bone which worked through the skin of her lower limb was due to syphilis. Her story, in which she details the purpose, the circumstances, and the result of her trip to Lindsay, has many of the features of a fairy tale, and the contradictions, brought about by the introduction of her application to the insurance company for support, by reason of her disability, all tend to sustain the appellee's contention. Aside from the attacks made upon the charge of the court, the appellant does not complain upon any other ground, and the sufficiency of the evidence to sustain the jury is not questioned.

Believing that a fair solution of the issues presented has been arrived at, and because no reversible error is apparent upon the face of the record, the judgment is affirmed.