## MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS v. THOMASON. (No. 7158.)*

Court of Civil Appeals of Texas. Austin. Oct. 19, 1927.

Rehearing Denied Nov. 30, 1927.

I. Negligence &#9758;4—Test for negligence is what is reasonably expected of man of ordinary prudence.

In cases involving negligence, test is what is reasonably expected of man of ordinary prudence.

2. Trial &#9758;215—General instruction that plaintiff had burden to establish material facts and allegations relied on held erroneous as implying that jury should determine special issues in harmony with determination as to right of recovery.

In action for death of engineer in train collision, instruction that in determining special issues on which case was submitted that burden of proof was on plaintiff to establish material facts and allegations relied on for recovery by preponderance of testimony, without explaining material facts and allegations relied on for recovery, held improper as reasonably subject to construction that jury should ascertain whether plaintiff was entitled to recover under pleadings and proof and to answer special issues submitted in accordance with such finding.

3. Trial &#9758;215—Failure properly to place burden of proof of special issues in action for death held error.

In action for death of engineer in train collision, submitted to jury on special issues, trial court should have properly placed burden of proof in each of special issues instead of giving instruction that burden of proof was on plaintiff to establish material facts and allegations relied on for recovery by preponderance of testimony.

4. Trial &#9758;352(1)—In action for death in collision, asking in special issue whether trainmen were negligent in leaving station instead of whether when they reached such station they had reasonably sufficient time to arrive at next station before certain time, held not material.

In action for death of engineer in train collision, submitting special question as to whether operators of train with which deceased's train collided were negligent in leaving certain station at time they did, instead of whether when they reached such station they had reasonably sufficient time to arrive at next station and clear main track before designated time, held not error so long as burden of proof was properly placed.

5. Appeal and error &#9758;1060(3)—Refusal to withdraw statement in argument that witnesses had been approached in seeking to doctor testimony held reversible error (District Court rule 39).

In action for death of engineer in train collision, where exact time of collision was vital issue in case, plaintiff's counsel's statement in argument that two witnesses who testified by deposition were approached by railroad men for comparison of watches for purpose of doctoring testimony, not supported by evidence, in view of District Court rule 39, was prejudicial error, and trial judge's refusal to withdraw it from jury or to instruct them not to consider it constituted reversible error.

6. Appeal and error &#9758;1060(3)—Refusal to withdraw from jury or instruct them not to regard improper argument held tacit approval thereof.

In action for death of engineer in train collision, trial court's refusal to withdraw improper argument of counsel from jury or to instruct them not to consider it amounted to tacit approval thereof, magnifying its importance in jury's minds.

7. Appeal and error &#9758;1031(5)—On refusal to instruct jury not to consider prejudicial argument, injury to complaining party will be presumed.

Where argument prejudicial in character is permitted by court who refuses to instruct jury not to consider it if it is reasonably calculated to affect findings on vital issues, injury to complaining party will be presumed.

8. Appeal and error &#9758;843(2)—Where retrial is to be had, appellate court will not discuss complaint that verdict is excessive.

In action for death where new trial is to be had, appellate court will not discuss complaint that verdict was excessive.

---

*Writ of error refused.

Appeal from District Court, Bastrop County; J. B. Price, Judge.

Action by Mrs. Stella Thomason, administratrix of the estate of her deceased husband, against the Missouri-Kansas-Texas Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

See, also, 280 S. W. 325.

Chas. C. Huff and J. M. Chambers, both of Dallas, and Page & Powell, of Bastrop, for appellant.

S. L. Staples, Harris & Harris, of Austin, and Powell C. Maynard, of Bastrop, and Merton L. Harris, of Smithville, for appellee.

BAUGH, J. Appellee recovered a judgment against appellant for damages for the death of her husband caused by a head-on collision on January 8, 1924, between passenger train No. 26, running north out of Houston, Tex., on which her deceased husband was engineer, and passenger train No. 23, running south into Houston. The collision occurred 1.1 miles north of the station of Hillendahl, in Harris county, which point is also 5.4 miles south of the station of Addicks on appellant's line of road. Both of these stations appear to have been "flag stations." The track between them is level, straight, and runs north and south. These trains at the time of the collision were running under the following train order duly issued to the conductors and engineers in charge:

"Order 61 No. 26, Engine 351 wait at Hillindahl until 9 P. M., for No. 23, Engine 278. Complete at 8:12 P. M. Operator Jones."

The chief ground of negligence alleged by appellee was that the operators of train No. 23, the south-bound train, failed and neglected to obey said order above set out, and ran past the station of Addicks too late to reach Hillendahl and take a siding there before 9 o'clock, at which time train No. 26 was directed under said order to proceed north, and that said train No. 23 should have taken a siding at Addicks and waited for train No. 26 to pass. The railway company pleaded contributory negligence of the conductor and deceased engineer of train No. 26, alleging that they ran their train past Hillendahl before 9 o'clock in violation of said order, thus causing the collision, and that if said No. 26 had waited at Hillendahl until 9 o'clock, train No. 23 would have arrived there and would have taken a side track before that time, and thus have avoided the collision. On these issues as presented by the pleadings and the evidence the following special issues were submitted to the jury and answered by them as indicated:

"(1) Did the collision between the north-bound train No. 26 and the south-bound train No. 23 occur after 9 o'clock p. m., according to the time then in use by the defendant in the operation of its trains?" Answer: "Yes."

"(2) Were the operators of the south-bound train No. 23 negligent in leaving the station of Addicks at the time they did, according to the time then in use by the defendant in the operation of its train?" Answer: "Yes."

"(3) If you have answered that the south-bound train No. 23 was negligent in leaving the station of Addicks at the time it did, you will answer this question: 'Was such negligence the proximate cause of the death of L. P. Thomason?'" Answer: "Yes."

"(4) Did the north-bound train No. 26 pass the north switch at Hillendahl before 9 o'clock p. m., according to the time then in use by the defendant in the operation of its trains?" Answer: "No."

"(5) If you have answered that the north-bound train No. 26 did pass the north switch at Hillendahl before 9 o'clock p. m., according to the time then it use by the defendant in the operation of its trains, then you will answer this question: 'Was the act of the north-bound train in passing the north switch at Hillendahl before 9 o'clock p. m. the proximate cause of the collision?'" Answer: "No."

"(6) What amount of money, if paid in cash, would reasonably compensate the plaintiff, Mrs. Stella Thomason, for the death of her husband, L. P. Thomason? You will answer, stating the amount, if any, in dollars and cents." Answer: "$30,000."

[1] Appellant's first complaint is directed to the trial court's charge on negligence and the failure to give the definition of negligence tendered by appellant. The charge given was that "negligence is the failure to exercise such care as is ordinarily exercised by careful and prudent persons, under the same or similar circumstances, in the same or similar business." The charge tendered by appellant was that negligence "means the failure to use that degree of care which a person of ordinary prudence would have exercised under the same or similar circumstances."

The charge tendered by appellee more nearly meets the requirements of the law. What is reasonably expected of a man of ordinary prudence is the test. Though the charge as given has been condemned by some of the courts (Galveston, H. & S. A. Ry. Co. v. Scheidemantel [Tex. Civ. App.] 23 S. W. 453; City of Paris v. Tucker [Tex. Civ. App.] 93 S. W. 233), in other cases the error has not been deemed sufficiently grave to call for a reversal. See Missouri, K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508; Texas Cent. Ry. Co. v. Brock, 88 Tex. 310, 31 S. W. 500; S. W. T. & T. Co. v. Sanders, 107 Tex. 49, 173 S. W. 865; Texas & N. O. Ry. Co. v. Black (Tex. Civ. App.) 44 S. W. 673; Texas & P. Ry. Co. v. Curlin, 13 Tex. Civ. App. 505, 36 S. W. 1003. Since we have concluded that the case must be reversed on other grounds, we call attention to this charge that the objections raised may be avoided on another trial.

[2, 3] Appellant next complains of the charge given by the court on the burden of proof generally, and of the trial court's fail-

ure to instruct the jury as to the burden of proof on the special issues submitted. The only charge given by the court on the burden of proof was as follows:

"This case is submitted to you upon special issues hereinafter given; and in determining these issues you are instructed that the burden of proof is upon the plaintiff to establish the material facts and allegations relied upon for recovery, by a preponderance of the testimony."

This is clearly a general charge, and imposes upon the jury the duty of determining the material facts relied upon by plaintiff for a recovery. Such a charge might reasonably have been understood by the jury as instructing them to ascertain whether or not the plaintiff was entitled to recover under the pleadings and proof, and then to answer the special issues submitted in accordance with such a finding. Nor were they anywhere told what were the material facts and allegations relied upon for recovery. In St. Louis Southwestern Ry. Co. v. Preston, 228 S. W. 932, the Commission of Appeals, speaking through Judge Sonfield, said:

"In the submission of a cause upon a general charge, requiring a general verdict, the jury is informed of the facts upon which plaintiff relies, and which he must establish to entitle him to recover; but this is not true in the submission of a cause upon special issues. To instruct the jury that the burden of proof was on the plaintiff to show, by a preponderance of the evidence, such facts as would entitle him to recover, would necessitate a further instruction, informing the jury as to which of the facts submitted were relied upon and necessary to entitle him to recover."

And in Wootton v. Jones, 286 S. W. 688, a case submitted on special issues, a charge very similar to the one given in this case was given. In reversing that case, this court in an opinion written by Chief Justice McClendon, had the following to say:

"As an abstract principle of law, the charge appears to be faultless. As a guide to the jury in answering the several special issues, however, it was valueless, since it did not point out what issues were essential to plaintiff's case. Some of the special issues carried their own instructions upon burden of proof; others, as the four above quoted, did not. But, even if all the special issues had carried specific directions on the subject, the charge quoted would not have been proper. One of the prime purposes of the special issue verdict is to have jury findings on the facts uninfluenced, as far as possible, by the effect of such findings upon the judgment to be rendered in the case. In order to apply a general charge on the burden of proof to the special issues submitted, the jury would of necessity be required to know the effect on the rights of the parties of each issue submitted. In charging on the burden of proof in a special issue case, we think the proper practice is to point out to the jury where, and not upon whom, the burden of establishing by a preponderance of the evidence lies."

[4] Since the several issues were submitted, it was the duty of the trial court to properly place the burden of proof in each of these special issues. But we do not think it is material whether in submitting question No. 2 the jury were asked whether the operators of No. 23 were guilty of negligence, or whether when they reached Addicks they had a reasonably sufficient time in which to arrive at Hillendahl and clear the main track before 9 o'clock, as requested by the appellant. We see no material difference in the purport of the two questions, so long as the burden of proof is properly placed.

[5] We next consider appellant's objection to argument of appellee's counsel. In his closing argument one of appellee's counsel stated to the jury:

"Two witnesses who testified by deposition were approached by railroad men after the wreck for comparison of watches for the purpose of doctoring the testimony."

Appellant objected to this argument at the time, and requested the court to instruct the jury not to consider it, which request the trial court refused. The two witnesses shown to have been referred to were B. F. Conklin and Ed. Andrews. The testimony of Conklin on this subject was as follows:

"On the night of the accident in question, sometime between 4 and 4:30 a. m., I compared my watch with the time of one of the employés of defendant. I went over and was talking with him, and he took out his watch and I took out mine, and we held his lantern up between them and looked at the time. To the best of my recollection my watch was two minutes faster than his watch."

Andrews testified on this point.

"After this train pulled back to Houston, I looked at my watch to see what time it was, and I asked some of the trainmen around the depot what time they had, and I looked at their watches when they told me, and I noticed that my watch was approximately two minutes faster than any of the watches I thus consulted."

We do not think counsel's comment was a legitimate discussion of the evidence under district court rule No. 39. The testimony was sharply conflicting as to just when the collision occurred; the time fixed by the varying evidence ranging from 8:57 to 9:03. We cannot say as a matter of law that a preponderance of the evidence showed that the collision occurred before or after 9 o'clock. That was a vital issue in the case. Not only does the testimony quoted fail to show, in our opinion, that the railroad employees approached the witnesses, but rather indicates that the witnesses approached said employees about the question of the correct time. Nor does it in any manner justify or warrant a deduction that appellant's employees were seeking to "doctor the testimony." Such a charge of an effort by said employees to "doctor the testimony" on the vital question in

the case, unwarranted by the testimony, and not condemned by the court, was; we think, reasonably calculated to, and probably did, prejudice the minds of the jury against appellant and influence them in finding a verdict against it.

[6, 7] By his refusal to withdraw it from the jury, or to instruct them not to consider this argument, the trial judge gave it his tacit approval, thus magnifying its importance in the minds of the jury. Gulf, C. & S. F. Ry. Co. v. Butcher, 83 Tex. 316, 18 S. W. 583; Bruyere v. Bank (Tex. Civ. App.) 262 S. W. 844. And where argument, prejudicial in character, is permitted by the court, who refuses to instruct the jury not to consider it, and same is reasonably calculated to affect the findings on vital issues, injury to the complaining party will be presumed. Bruyere v. Bank, supra; Green v. Green (Tex. Civ. App.) 235 S. W. 980; Railway Co. v. Boyd, 40 Tex. Civ. App. 93, 88 S. W. 510; Parker v. Miller (Tex. Com. App.) 268 S. W. 726.

Appellant also complains of the court's charge on the measure of damages. We do not deem it necessary to enter upon a discussion of this question. A full discussion of this subject and of the matters which the jury is entitled to consider in cases of this character appears in International & G. N. Ry. Co. v. McVey, 99 Tex. 28, 87 S. W. 328, opinion by Judge Gaines, and in Chesapeake & O. Ry. Co. v. Kelly, 241 U. S. 485, 36 S. Ct. 630, 60 L. Ed. 1117. In view of another trial, the court's attention is invited to these cases. See, also, G., C. & S. F. v. Moser (Tex. Civ. App.) 277 S. W. 722.

[8] We also refrain from discussing appellant's complaint that excessive damages were awarded appellee by the jury. It would be improper in view of another trial of the case. The other questions raised will probably not recur upon another trial.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for another trial.